UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JULES S. ROMAIN and MIREILLE MAURICETTE,
           Plaintiffs,

v.                                             C. A. No. 18-642-M-LDA

U.S. BANK NATIONAL ASSOCIATION, as Trustee for CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., CSAB MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-3 and WELLS FARGO HOME MORTGAGE
           Defendants.

ORDER

Before the Court is Wells Fargo Bank, N.A.'s and U.S. Bank National Association's Motion to Dismiss Jules Romain and Mireille Mauricette's Amended Complaint. ECF No. 13. Plaintiffs bring two claims—one for breach of contract and the second for breach of the covenant of good faith and fair dealing. They allege that Defendants breached the mortgage contract when it refused to accept partial mortgage payments and failed to timely approve Plaintiffs for a short sale or to engage in other loan modification. Defendants argue that the Complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the mortgage contract does not require Defendants to do those things so there is no breach.

Plaintiffs own an investment property at 41 Maplehurst Avenue in Providence, Rhode Island. They got a mortgage, which U.S. Bank Trustee now owns and is the mortgage holder and Wells Fargo is the servicer. Plaintiffs defaulted on the mortgage in 2010. Plaintiffs allege that after the initial default, they attempted to "catch up" by sending Wells Fargo partial payments, but those payments were rejected. The parties attempted to mitigate the loss through the loan modification and short sale processes, but to no avail. Plaintiffs filed this suit in an effort to stall a noticed foreclosure. Defendants moved to dismiss, which the Court denied in the face of Plaintiffs' motion to amend the Complaint. This was not a substantive decision, one with a preclusive effect, but one made under the liberal amendment standard of Rule 15. Now that Plaintiffs have amended the Complaint, the Court finds that it should be dismissed.

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), plaintiffs must present facts that make their claim plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine plausibility, the court first looks at the complaint and separates conclusory legal allegations from allegations of fact. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013). Next, the court must consider whether the remaining factual allegations give rise to a plausible claim of relief. *See id.* A pleading that offers "labels and conclusions" or "a formulative recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs allege that Defendants breached the mortgage contract by rejecting partial loan payments and refusing to engage in loss mitigation. The breach of the covenant of good faith and fair dealing claim stems from this alleged breach. "To succeed on a breach of contract claim under Rhode Island law, a plaintiff must prove that (1) an agreement existed between the parties, (2) the defendant breached the agreement, and (3) the breach caused (4) damages to the plaintiff." *Barkan v. Dunkin' Donuts, Inc.*, 627 F.3d 34, 39 (1st Cir. 2010) (citing *Petrarca v. Fid. & Cas. Ins. Co.*, 884 A.2d 406, 410 (R.I. 2005)). While there is no question that the mortgage contract spells out an agreement between the parties, Defendants did not breach that agreement because there is no provision in the mortgage[1] that requires Defendants to accept partial payments or engage in loss mitigation. Plaintiffs acknowledge as much. ECF No. 19-1 at 6. Thus, Defendants' conduct in refusing partial payments and abandoning its attempts at loss mitigation was permissible under the mortgage and thus cannot be considered breaches of the mortgage or of the duty of good faith and fair dealing.

Defendants' Motion to Dismiss is GRANTED. ECF No. 13.

---

[1] In addition to the facts contained in the Complaint, the Court considers the mortgage agreement, which was contained in the state court record and is heavily referenced in the Complaint. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (finding that, at motion to dismiss stage, courts may consider "documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.").

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

June 11, 2019